**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD N. WOODSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: |
| | ) | |
| VILLAGE OF STEGER, IL | ) | **Plaintiff demands trial by jury** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RONALD N. WOODSON, by his attorneys, JOHN C. KREAMER and JOSEPH E. URANI of THE KREAMER LAW GROUP, and in complaining of Defendant, VILLAGE OF STEGER, Illinois, states as follows:

### NATURE OF CLAIM

1. This is an action seeking redress for discrimination in violation of the Americans with Disabilities Act of 1990, (hereinafter "ADA"), 42 U.S.C. §12201 *et. seq*. the Employee Retirement Income Security Act, (hereinafter "ERISA"), 29 U.S.C. §1132 *et. seq*.; and other common law theories of recovery.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §1331, 29 U.S.C. §1332 and 42 U.S.C. §12201 *et. seq*.

3. The venue is proper in the Northern District of Illinois, under 28 U.S.C. §1391(b), as Plaintiff's causes of action arose herein.

## PARTIES

4. RONALD N. WOODSON (hereinafter "WOODSON" of "PLAINTIFF") is a male citizen of the United States and currently is a resident of Oswego, Illinois.

5. WOODSON was at all relevant times an employee of Defendant, VILLAGE OF STEGER, (hereinafter "VILLAGE" or "Defendant") and at all relevant times worked for Defendant in the State of Illinois as a police officer in the Village of Steger Police Department.

6. Defendant is a municipal corporation in the State of Illinois at the location of 35 W. 34th Street, Steger, IL in Cook and Will County, and is an employer and proper defendant under the ADA and ERISA.

## PROCEDURAL REQUIREMENTS

7. WOODSON has fulfilled all conditions precedent to the institution of this action. He timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as *Exhibit A*.

## FACTUAL BACKGROUND

8. Plaintiff RONALD N. WOODSON was employed with Defendant VILLAGE OF STEGER at all relevant times herein as a Police officer.

9. Plaintiff's employment with Defendant began on or about April of 2019, until his unlawful termination in or about September 22, 2020.

10. At all times through the course of his employment, Plaintiff performed his job to the legitimate expectation of his employer and beyond.

11. During the course of his employment with Defendant, on or about January 22, 2020, Plaintiff suffered a lumbar injury while on duty due to a fall that occurred while issuing a traffic ticket.

12. Plaintiff filed a Worker's Compensation claim because of this injury that occurred while on duty.

13. After the injury, Plaintiff underwent extensive medical treatment, and his condition caused him to be off work under his doctor's orders from approximately January 24, 2020, through September 18, 2020.

14. On or about September 18, 2020, Plaintiff received an IME report from Dr. Kern Singh, which indicated that Plaintiff would require surgery. The estimated time off work needed to recover from surgery would be six months.

15. Plaintiff's condition caused him to be disabled during this time, and/or his employer regarded him as disabled after January 22, 2020.

16. During his leave and time off due to his injury, Plaintiff kept his employer informed about his condition and was assured his position was secure upon his ability to return to work.

17. Shortly after it was determined that Plaintiff would require surgery with a recovery time of six months, Plaintiff was promptly terminated on September 22, 2020, without explaining why.

18. Plaintiff complained to his supervisors and employer regarding his differential treatment due to his disability and engaging in protected activity in violation of the ADA, as well as due to retaliation for seeking medical care and filing a workers' compensation claim for injury to his back sustained at work on or about January 22, 2020

19. The reason Plaintiff was treated differently and ultimately terminated was because of his disability, and because he has a record of impairment, and/or because, Defendant regarded him as being disabled.

20. Any other reasons given to Plaintiff for the above actions and his termination by Defendant are pretextual.

21. Defendant could have easily given Plaintiff a reasonable accommodation to allow Plaintiff to fully recover from his work-sustained injury and surgery that was required as a result. Instead, Defendant terminated Plaintiff.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

22. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.

23. At all times throughout the course of his employment, Plaintiff performed his job to the expectations of his employer and beyond.

24. At all relevant times, Plaintiff had a disability, and a record of disability within the meaning of the Americans with Disabilities Act, and/or Defendant perceived him as disabled.

25. At all relevant times, Plaintiff could perform his job functions with a reasonable accommodation from his employer.

26. Defendant subjected Plaintiff to differential treatment and adverse actions in the course of his employment after learning of his disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 *et. seq.*, including but not limited to, differences in terms and conditions of his employment, and termination. Any other reason given for said behavior is pretextual.

27. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and his physical well-being to justify awarding punitive and exemplary damages in this case.

28. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

   WHEREFORE, Plaintiff RONALD N. WOODSON respectfully requests judgment against Defendant, the VILLAGE OF STEGER, IL, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of his medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

### COUNT II: <br> AMERICANS WITH DISABILITIES ACT: <br> DENIAL OF REASONABLE ACCOMMODATIONS

29. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.

30. Defendant was required to provide Plaintiff with a reasonable accommodation under the ADA and was required to engage in an interactive exchange with Plaintiff to determine what reasonable accommodations were available to Plaintiff.

31. Defendant failed and refused to provide Plaintiff with a reasonable accommodation and failed to engage in an interactive exchange as required by the ADA, violating the ADA.

32. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

33. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and his physical well-being to justify awarding punitive and exemplary damages in this case.

    WHEREFORE, Plaintiff RONALD N. WOODSON respectfully requests judgment against Defendant, VILLAGE OF STEGER, IL., in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's

rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of his medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

## COUNT III
## AMERICANS WITH DISABILITIES ACT:
## RETALIATION

34. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.

35. Plaintiff has a federally protected right to equal treatment in the workplace. He attempted to exercise that right by complaining to Defendant through his superiors regarding Defendant's flagrantly inappropriate and illegal behavior as outlined above.

36. In addition to Defendant's refusal to address or resolve Plaintiff's complaints, Defendant, through its supervisors and agents, also engaged in illegal acts of retaliation against Plaintiff, including but not limited to differential treatment and termination.

37. Plaintiff was wrongfully terminated on September 22, 2020, in retaliation for the complaints he made concerning Defendant's unlawful conduct under the ADA.

38. As a direct and proximate result of the acts engaged in by Defendant, the Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress,

humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and any other damages allowable under the ADA.

39. The acts mentioned above of Defendant, individually and by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to the Plaintiff's rights under the ADA and justify the awarding of exemplary and liquidated damages in this cause.

40. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, RONALD N. WOODSON, respectfully requests judgment against Defendant, VILLAGE OF STEGER, IL., in an amount that will fully compensate him for his injuries and damages caused by Defendant's violation of his rights under the ADA and award Plaintiff all allowable damages under the ADA which may include loss of wages, past, and future, loss of future earnings, loss of career opportunities, loss of employee benefits past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, the expense of litigation, expert witness fees, reasonable attorney's fees, punitive and liquidated damages, compensatory damages and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

## COUNT IV
## COMMON LAW RETALIATION

41. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.

42. At all relevant times, Plaintiff was employed as a Police Officer, competently fulfilled his duties, and was an exceptional officer and employee.

43. On September 22, 2020, Plaintiff was discharged from employment with Defendant.

44. Plaintiff was discharged from his position for the reasons described above, including but not limited to his disability, perceived disability, and because he complained to his superiors regarding his differential treatment due to his disability as well as due to retaliation for seeking medical care and filing a workers' compensation claim for injury to his back sustained at work on or about January 22, 2020.

45. After making the above-referenced complaints, Plaintiff was subjected to differential treatment and was terminated.

46. In response to Plaintiff's intent to pursue his common law rights, he was discharged by Defendant in violation of the common law prohibition of retaliatory discharge.

47. Defendant discharged Plaintiff in violation of the clear mandate of his federally and state-protected rights to equal treatment in the workplace under the ADA and The Illinois WORKERS' COMPENSATION ACT. Plaintiff's discharge undermined these public policies.

48. As a result of his discharge, Plaintiff suffered from damages including but not limited to loss of salary, wages, benefits, back pay, front pay, past and future financial losses, prejudgment interest, severe emotional distress, loss of reputation, and other monetary consideration as a result of his employment.

49. Defendant's actions were willful and wanton and were conducted with the intended purpose of causing harm to Plaintiff. As such, Plaintiff is entitled to the award of punitive damages and any other damages allowable under common law retaliation.

50. The reasons set forth above were the direct and proximate cause of Plaintiff's discharge and resulting damages.

WHEREFORE, Plaintiff, RONALD N. WOODSON, respectfully requests judgment against Defendant, VILLAGE OF STEGER, IL, in an amount that will fully compensate him for his injuries and damages of the past and future, including but not limited to lost employee benefits, past and future, loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, the expense of litigation, expert witness fees, reasonable attorney's fees, punitive and liquidated damages, and prejudgment interest, as well as any further relief as the Court, deems just and appropriate.

## COUNT V
## RETALIATION FOR SEEKING MEDICAL CARE
## AND FILING A WORKERS' COMPENSATION CLAIM

51. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.

52. At all relevant times, Plaintiff was employed as a Police Officer, competently fulfilled his duties, and was an exceptional officer and employee.

53. Plaintiff sought medical care and filed a workers' compensation claim on or about January 24, 2020, resulting from an injury to his back he sustained from a fall while issuing a traffic ticket while on duty.

54. On September 22, 2020, Plaintiff was discharged from employment with Defendant.

55. For the reasons described above, Plaintiff was discharged from his position on September 22, 2020, in retaliation for seeking medical care and filing a workers' compensation claim for an injury to his back sustained at work.

56. After seeking medical care for his injury and filing his workers' compensation claim, Plaintiff was treated differently by Defendant in the terms, conditions, and privileges of

his employment, including but not limited to differential treatment toward Plaintiff and ultimately termination.

57. In response to Plaintiff seeking medical care and filing his workers' compensation claim, he was treated differently and ultimately was discharged by Defendant in violation of the Illinois Workers' Compensation Act, *820 ILCS 305, et. seq*. and *Kelsay v. Motorola Inc*., 74 Ill.2d 172 (1878).

58. As a direct result of Defendant's intentional and unlawful actions, Plaintiff suffered from damages and injuries of a personal, permanent and pecuniary nature, including but not limited to loss of salary, wages, benefits, back pay, front pay, past and future pecuniary losses, prejudgment interest, severe emotional distress, loss of reputation, and other financial consideration as a result of his employment.

59. Defendant's stated reason for Plaintiff's discharge was pretextual and offered for the sole purpose of covering up its illegitimate and unlawful discharge of Plaintiff.

60. Defendant's actions were willful and wanton and were conducted with the intended purpose of causing harm to Plaintiff. As such, Plaintiff is entitled to the award of all applicable damages, including punitive damages and any other damages allowable.

WHEREFORE, Plaintiff, RONALD N. WOODSON, respectfully requests judgment against Defendant, VILLAGE OF STEGER, IL, in an amount that will fully compensate him for his injuries and damages of the past and future, including but not limited to lost employee benefits, past and future, loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, the expense of litigation, expert

witness fees, reasonable attorney's fees, punitive and liquidated damages, and prejudgment interest, as well as any further relief as the Court, deems just and appropriate.

## COUNT VI:
## EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

61. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.

62. At all times throughout the course of his employment, Plaintiff performed his job to the expectations of his employer and beyond.

63. At all relevant times, Plaintiff was a participant and beneficiary of the welfare, pension, and health benefit plan provided by Defendant.

64. Plaintiff was terminated on September 22, 2020, to deprive him of continued participation in Defendant's funded employee welfare and benefits program.

65. Defendant's motivation and intent for taking adverse employment actions against Plaintiff were discriminatory and in violation of the Employee Retirement Income Security Act, 29 U.S.C. §1132 *et. seq.*, Defendant can offer no legitimate reason for such differential treatment or the denial of Plaintiff's participation in said employee benefits program; any proffered reason is a pretext for Defendant's illegal motivation.

66. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and Plaintiff's physical well-being to justify awarding punitive damages and exemplary damages in this case.

67. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and

benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under ERISA.

WHEREFORE, Plaintiff RONALD N. WOODSON respectfully requests judgment against Defendant, VILLAGE OF STEGER, IL., in an amount that will fully and justly compensate him for his injuries and damages of the past and future, including but not limited to equitable relief, lost employee benefits and other incidentals of employment, attorney's fees and costs, and prejudgment interest, as well as any further relief as the Court, deems appropriate.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff repeats and reasserts the allegations of all previous paragraphs of this Complaint as this paragraph as though fully set forth herein.
69. Defendant's conduct by and through its agents and employees, as described above, was both extreme and outrageous to the point that it went beyond the bounds of decency and it is to be regarded as intolerable in our society.
70. By the preceding acts, Defendant, by and through its agents and employees, caused Plaintiff severe emotional distress, including, among other things, extreme anger, resentment, depression, worry, anxiety, and stress.
71. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and

    benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowable.

72. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and Plaintiff's physical well-being to justify awarding punitive damages and exemplary damages in this case.

    WHEREFORE, Plaintiff RONALD N. WOODSON respectfully requests judgment against Defendant, VILLAGE OF STEGER, IL., in an amount that will fully and justly compensate him for his injuries and damages of the past and future, including but not limited to equitable relief, lost employee benefits and other incidentals of employment, attorney's fees and costs, and prejudgment interest, as well as any further relief as the Court, deems appropriate.

    **Plaintiff demands trial by Jury**

Respectfully submitted,

**RONALD N. WOODSON**

By:\_\_\_\_/s/ John C. Kreamer_____
    One of Plaintiff's Attorneys

John C. Kreamer (627011)
Joseph E. Urani (6278626)
Kreamer Law Group, LLC
1100 E. Warrenville Road, Ste 135
Naperville, IL 60563
T. (630) 995-3668
F. (630)597-9532
Email: jckreamer@kreamerlawgroup.com